UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DIGITALDOORS, INC.,**<br><br>  Plaintiff,<br><br>v.<br><br>**FLUSHING BANK,**<br><br>  Defendant. | **Case No. 1:25-cv-1895** |

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE
AND ALTER ORDER AND FOR LEAVE TO AMEND COMPLAINT**

## I.   INTRODUCTION

Plaintiff DigitalDoors, Inc. ("Plaintiff") moves under Fed. R. Civ. P. ("Rule") 59(e) and 60(b)(1), respectively, for the Court to alter its Memorandum and Order dated January 16, 2026 ("Order", D.E. 29) dismissing with prejudice Plaintiff's Amended Complaint (D.E. 20). Plaintiff respectfully submits that the Court misapprehended crucial facts regarding a letter dated November 11, 2025 ("November 11th letter", D.E. 26), a copy of which is attached as Exhibit 1 to the Declaration of Jean-Marc Zimmerman ("Zimmerman Decl.") submitted herewith. Plaintiff also moves under Rule 15(a)(2) for leave to file a Second Amended Complaint.

The Court incorrectly inferred that Plaintiff's admission that Q2 Software, previously identified by Defendant Flushing Bank ("Defendant" or "Flushing"), does not infringe meant Plaintiff failed to allege *any* infringing instrumentality. This is incorrect. While Plaintiff determined Q2 software was not used for the accused *core* banking operations, Flushing continues to use other, unidentified software to secure core bank data in an infringing manner. Under 35 U.S.C. § 271(a), identification of the "use" of the invention is sufficient to establish infringement. Plaintiff should be permitted to identify the software by function and purpose,

1

rather than by name, because the specific identity is maintained as confidential information solely under Defendant's control, and Plaintiff specifically identified the *use* of the accused instrumentalities.

## II.     FACTS

**The Dismissal and Regulatory Context**

In the Order, the Court dismissed the Amended Complaint with prejudice, focusing on the lack of a named software product. However, Federal and New York state regulations require Flushing to back up and recover core bank data. Plaintiff believes Flushing uses software from a currently unknown third-party vendor to perform these mandatory functions in a manner that infringes the patents in suit.

1. **The Q2 Software Timeline**

Plaintiff's original Complaint (Dkt. No. 1) could not identify the software because it is kept confidential by Defendant.

- **June 6, 2025:** Flushing's Senior Executive Vice President and Chief Information Officer Allen Brewer declared Flushing had not implemented the "Sheltered Harbor" standard. (See Brewer Declaration, D.E. 20, #45).

- **Subsequent Disclosure:** Contradicting Mr. Brewer, Defendant's counsel (Barry Bumgardner) disclosed that Flushing in fact did use Sheltered Harbor certified Q2 software.

- **Plaintiff's Investigation:** Plaintiff analyzed the Q2 software and determined that while it is Sheltered Harbor certified, Flushing uses it for *non-core* banking operations, not the *core* data recovery alleged in the Complaint. Sheltered Harbor has different certification requirements for *core* banking operations and *non-core* banking operations.

2. **The November 11th Letter**

At Mr. Bumgardner's request, Plaintiff sent the November 11th letter to the Court to indicate Q2 was not responsible for indemnifying Flushing. The letter demonstrated candor by admitting Q2 was not the correct target but explicitly stated Plaintiff "will continue to litigate this

case" regarding the actual software used for core data. The Court did not reopen briefing to address this letter.

### 3. Flushing Uses FIS Software

It has recently come to Plaintiff's counsel's attention that Flushing uses FIS Miser bank core software, and that the most current version of that product is FIS AffinityEdge. This product has a highly complex, parameter-driven structure, which utilizes over 2,700 distinct parameters to control account processing. Customer data in Miser is not a single file. It is a web of interdependent ledger entries, transaction histories, and parameter settings. Therefore, a Miser database cannot be simply copied to a backup drive, and recovering a Miser database requires a "system consistent" backup that captures the exact state of the ledger and the parameters at a specific point in time. Such a backup and restoration would be within the scope of the claims of the asserted patents and therefore appears to be infringing.

## III.    LAW

### 1. Rule 60(b)(1) and Mistake

Rule 60(b)(1) permits relief for "mistake, inadvertence, surprise, or excusable neglect". "Mistake" includes any "misconception" or "fault in opinion or judgment" of law or fact. *Kemp v. United States*, 142 S.Ct. 1856, 1858 (2022). Courts must balance justice with the finality of judgments. *Thai-Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017).

### 2. Pleading Standards

A complaint need only contain sufficient factual matter to state a plausible claim and place the defendant on notice. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v.*

3

*Twombly*, 550 U.S. 544 (2007). This includes describing the *manner* of infringement. *Crypto Research, LLC v. Assay Abloy, Inc.*, 236 F. Supp. 3d 671 (E.D.N.Y. 2017).

3. **Consideration of Outside Materials**

Under Rule 12(d), if a court considers materials outside the pleadings (such as the November 11th letter), it must either exclude them or convert the motion to one for summary judgment under Rule 56. *Energizer Brands, LLC v. My Battery Supplier, LLC*, 529 F. Supp. 3d 57, 61 (E.D.N.Y. 2021). Relying on unbriefed materials without giving plaintiffs a fair chance to contest them is prohibited. *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999); *Williams v. Time Warner, Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011).

When a party submits additional materials outside the pleadings in connection with a motion to dismiss under Rule 12(b)(6), the court has two options: (1) exclude the additional material and decide the motion based solely on the pleadings, or (2) convert the motion to one for summary judgment under Rule 56 and provide all parties with notice and an opportunity to present additional evidence, and decide the motion on the merits under the appropriate standard. *Energizer Brands, LLC v. My Battery Supplier, LLC*, 529 F. Supp. 3d 57, 61 (E.D.N.Y. 2021).

The Second Circuit has strictly enforced "the conversion requirement of Rule 12(b)(6) where there is a legitimate possibility that the district court relied on inappropriate material in granting the motion." *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999). The purpose is to ensure that "courts will refrain from engaging in fact-finding when considering a motion to dismiss, and also that plaintiffs are given a fair chance to contest defendants' evidentiary assertions . . . ." *Id*.

4

## IV.     ARGUMENT

### 1. The Court Misapprehended the Existence of Accused Actions

The Court erred in finding that excluding Q2 software left the case "without any allegations of an actual accused product". Plaintiff has specifically identified the *software* used by Flushing to back up its core data, and the *acts* accused of infringement: the systems and methods used to secure core bank data (D.E. 20, ¶¶ 102-112). Flushing clearly knows these specific actions exist because it has only one core database and must back it up to comply with regulations.

### 2. Identification by Function is Sufficient When Facts are Confidential

Plaintiff is not required to exhaustively identify the instrumentality by name at the pleading stage when facts are peculiarly within the control of the defendant. *Zeitlin v. Palumbo*, 532 F. Supp. 3d 64, 69 (E.D.N.Y. 2021); *Lavvan, Inc. v. Amyris, Inc.*, 2021 U.S. Dist. LEXIS 138887 (S.D.N.Y. 2021).

- Plaintiff pled on "information and belief" because the software is kept secret by Flushing.
- Defendant continues to shield the identity of its software supplier.
- Plaintiff satisfied *Iqbal* and *Twombly* by identifying the nature and function of the software.

### 3. Procedural Fairness and Leave to Amend

The Court should have excluded the November 11th letter or reopened briefing. Instead, it relied on the letter to dismiss without providing Plaintiff an opportunity to amend or brief the issue. A request for leave to amend was implicit in the letter's statement that Plaintiff "will continue to litigate".

Leave to amend should be "freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178 (1962); *Williams v. Citigroup Inc.*, 659 F.3d 208 (2d Cir. 2011). Plaintiff submits a

5

proposed second amended complaint attached as Exhibit 2 to the Zimmerman Decl. that explicitly identifies the accused actions by function. Granting this motion allows the case to be decided on the merits. If discovery reveals the actual software does not infringe, Plaintiff will, as it demonstrated with Q2, not pursue baseless claims.

## V. CONCLUSION

To prevent manifest injustice, Plaintiff respectfully requests that the dismissal with prejudice be vacated and altered to one without prejudice, and that leave be granted to file a second amended complaint. This serves the interests of justice and will not prejudice Defendant.

Dated: February 1, 2026

Respectfully Submitted,

*/s/ Jean-Marc Zimmerman*
Jean-Marc Zimmerman
LUCOSKY BROOKMAN, LLP
101 Wood Avenue South
Woodbridge, New Jersey 08830
E: jmzimmerman@lucbro.com
T: (908) 768-6408

**-AND-**

Steven M. Hoffberg
HOFFBERG & ASSOCIATES
29 Buckout Road
West Harrison, NY 10604
E: steve@hoffberglaw.com
T: (914) 949-2300

Attorneys for Plaintiff DigitalDoors, Inc.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DIGITALDOORS, INC.,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**FLUSHING BANK,**<br><br>　　　　　　Defendant. | Case No. 1:25-cv-1895 |

**CERTIFICATION OF COMPLIANCE WITH THE WORD LIMIT**

Plaintiff DigitalDoors, Inc. confirms that the Memorandum in Support of its Motion to Vacate and Alter the Order dated January 16, 2026 (D.E. 26) pursuant to Fed. R. Civ. P. ("Rule") 58 and 60(b)(1), respectively, and for Leave to File pursuant to Rule 15(a)(2) a Second Amended Complaint complies with Your Honor's Individual Practices and Local Civil Rule 7.1. The Memorandum is 1376 words.

Dated: February 1, 2026　　　　　　　　　　　　Respectfully,

　　　　　　　　　　　　　　　　　　　　　　　By:*/s/Jean-Marc Zimmerman*
　　　　　　　　　　　　　　　　　　　　　　　Jean-Marc Zimmerman
　　　　　　　　　　　　　　　　　　　　　　　Lucosky Brookman LLP
　　　　　　　　　　　　　　　　　　　　　　　101 Wood Avenue South
　　　　　　　　　　　　　　　　　　　　　　　Woodbridge, NJ 08830
　　　　　　　　　　　　　　　　　　　　　　　E: jmzimmerman@lucbro.com
　　　　　　　　　　　　　　　　　　　　　　　T: (908) 768-6408

　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff DigitalDoors, Inc.